UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALA ABDULLA, LANCE A. RAPHAEL, SAM MANGANO, KIRK PEDELTY, and RYAN GLAZE,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | CASE NO. 1:17-cv-09178<br><br>Judge Harry D. Leinenweber |

**AGREED MOTION TO DEFER RESPONSIVE PLEADING DEADLINE PENDING RESOLUTION OF MULTIDISTRICT LITIGATION TRANSFER MOTION**

Defendant Apple Inc. ("Apple") respectfully submits this Agreed Motion to Defer Responsive Pleading Deadline Pending Resolution of Multidistrict Litigation Transfer Motion. Apple respectfully requests that the Court enter an Order deferring the deadline for Apple to move, answer, or otherwise respond to the Complaint in this action until 28 days after the date on which the Judicial Panel on Multidistrict Litigation (the "JPML") decides the *Motion for Transfer of Actions to the Northern District of California and for Consolidation Pursuant to 28 U.S.C. § 1407* (the "Motion to Transfer") presently pending in *In Re: Apple, Inc. Device Performance Litigation*, MDL Case No. 2827 ("MDL No. 2827"). Plaintiff agrees, and has no objection, to the relief requested in this Agreed Motion. In support of this Agreed Motion, Apple states as follows:

1. On December 27, 2017, Plaintiffs filed the Complaint in this action. Doc. 2.

2. On January 12, 2018, Apple filed an Agreed Motion to Extend Time to Respond to Complaint (Doc. 13), which the Court granted (Doc. 15), extending Apple's deadline to respond to Plaintiffs' Complaint until February 20, 2018.

1

3.      Plaintiff states that the instant case is the first filed class action complaint in this jurisdiction.  There are 54 other similar class actions filed across the country, including 28 "tag along" actions in the Northern District of California, where Apple's corporate headquarters is located.

4.      On December 29, 2017, the plaintiff in *Gallmann v. Apple, Inc.*, No. 5:17-cv-07285, a similar class action in the Northern District of California, filed with the JPML the Motion to Transfer in MDL No. 2827.  Doc. 1 in MDL No. 2827; *see also* Doc. 10 & Doc. 14 in this action (*Gallmann* MDL filings filed in the docket in this action).  Plaintiffs' counsel has filed an appearance and Plaintiffs have filed a response to the Motion to Transfer in MDL No. 2827.  Doc. 19 (appearance) & Doc. 95 (response) in MDL No. 2827.  Plaintiffs have asked that the proceedings be consolidated in the Northern District of Illinois (before this Court) based upon its centralized location (among other reasons).  A copy of Plaintiffs' Response in MDL No. 2827 is attached hereto as **Exhibit 1**.

5.      The JPML recently scheduled the Motion to Transfer for oral argument on March 29, 2018 in Atlanta, Georgia.  Doc. 107 in MDL No. 2827.

4.      Given the overlapping claims and putative class definitions,[1] Apple believes that the JPML will transfer all actions to one district, and that a consolidated complaint will be filed.

5.      Good cause exists to temporarily defer the deadline for Apple to move, answer, or otherwise respond to the Complaint in this action.  Deferring the responsive pleading deadline

---

[1] *See Apple's Response to Motion to Transfer Related Cases for Consolidated Pretrial Proceedings Pursuant to 28 U.S.C. § 1407*, at pp. 4-5, Doc. 93 in MDL Case No. 2827.  A copy of Apple's Response in MDL No. 2827 is attached hereto as **Exhibit 2**.  Apple's response seeks the consolidation of proceedings in the Northern District of California.

2

will help conserve judicial resources, avoid duplicative litigation, and increase efficiency and consistency.

6. Neither party will suffer prejudice from awaiting the JPML's resolution of the Motion to Transfer before engaging in responsive pleading practice in this action. Any delay resulting from deferring the responsive pleading deadline would be minimal and, at this early stage of the proceedings, would have no significant impact on the litigation while ensuring an efficient process for case management and avoiding duplication of efforts, especially in light of the fact that the parties anticipate that the pleading in this action likely will be superseded by a consolidated complaint.

7. Counsel for the parties have conferred and counsel for Plaintiffs agree, and do not object, to the relief requested in this Agreed Motion. In the event that Plaintiffs file an amended complaint in this action prior to the March 29 oral argument before the JPML on the Motion to Transfer, the parties agree that Apple's deadline to move, answer, or otherwise respond should remain deferred until 28 days after the date on which the JPML decides the Motion to Transfer, and the parties further agree that if any amended complaint filed by Plaintiffs necessitates revisiting Apple's deadline to move, answer, or otherwise respond, then counsel for the parties will again confer in good faith and propose a reasonable deadline to the Court.

WHEREFORE, Apple respectfully requests, with agreement of and no objection by Plaintiffs, that the Court enter an Order deferring the deadline for Apple to move, answer, or otherwise respond to the Complaint in this action, including any amended complaint that Plaintiffs may file prior to the March 29 oral argument before the JPML, until 28 days after the date on which the JPML decides the Motion to Transfer presently pending in MDL No. 2827. A proposed order will be submitted in accordance with this Court's procedures.

Dated: February 15, 2018　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　*/s/ David C. Scott*
　　　　　　　　　　　　　　　　　　　　　David C. Scott
　　　　　　　　　　　　　　　　　　　　　SCHIFF HARDIN LLP
　　　　　　　　　　　　　　　　　　　　　233 South Wacker Drive, Suite 7100
　　　　　　　　　　　　　　　　　　　　　Chicago, IL 60606
　　　　　　　　　　　　　　　　　　　　　(312) 258-5575
　　　　　　　　　　　　　　　　　　　　　dscott@schiffhardin.com

　　　　　　　　　　　　　　　　　　　　　*Counsel for Defendant Apple Inc.*

4

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on February 15, 2018, he caused the foregoing document to be electronically filed through the Court's CM/ECF system and that service of that document on the attorneys listed below was accomplished pursuant to the Court's CM/ECF system:

>James Vlahakis
>Ahmad Tayseer Sulaiman
>Mohammed Omar Badwan
>Nathan Charles Volheim
>Omar Tayseer Sulaiman
>SULAIMAN LAW GROUP, LTD.
>2500 South Highland Avenue, Suite 200
>Lombard, Illinois 60148
>(630) 575-8181
>jvlahakis@sulaimanlaw.com
>ahmad.sulaiman@sulaimanlaw.com
>mbadwan@sulaimanlaw.com
>nvolheim@sulaimanlaw.com
>osulaiman@sulaimanlaw.com

*/s/ David C. Scott*
David C. Scott

*Counsel for Defendant Apple Inc.*